859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene Frank TAMME, Plaintiff-Appellant,
v.
George WILSON; Gene A. Scroggy, Defendants-Appellees
 No. 88-5295.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1988.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 
 ORDER
 
 2
 Tamme appeals the district court's judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Tamme sought declaratory and injunctive relief for violations of his first amendment right to freely exercise his Zen Buddhist religion because defendants, through their prison policy, prohibited the religious practice of martial arts as part of his religion. The district court granted defendants summary judgment.
 
 
 4
 On appeal Tamme reasserts the issues that he raised in the district court, and also asserts that defendants are violating his first amendment right to receive martial arts publications, that the district court's judgment violates the consent decree in Kendrick v. Bland, 541 F.Supp. 21 (W.D.Ky.1981) and that Kentucky Constitution is invalid.
 
 
 5
 Upon consideration, we conclude that plaintiff's issues regarding the Kentucky Constitution, the consent decree in Kendrick, and his right to receive martial arts publications are improperly before this court because these issues were not presented to the district court in plaintiff's complaint. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 6
 We also conclude that the defendants are clearly entitled to summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The defendants' policy prohibiting the practice of martial arts is reasonably related to legitimate penological interests in maintaining prison security and safety. O'Lone v. Estate of Shabazz, 107 S.Ct. 2400, 2404 (1987); Turner v. Safley, 107 S.Ct. 2254, 2256 (1987).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District J the Northern District of Ohio, sitting by designation